# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 94 C 3834 | DATE | AUG. 30, 2001 |
| CASE TITLE | NICHOLAS C. JANNOTTA, etc., et al. v. SUBWAY SANDWICH SHOPS, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion for attorney fees [287] and amended motion for attorney fees [292] are denied without prejudice to seeking any fees in the "Interpleader Action" (No. 00 C 5779).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 3 1 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 293 |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| X | Copy to Judge Guzman. | 01 AUG 30 PM 5: 07 | AUG. 30, 2001 date mailed notice | |
| | CW courtroom deputy's initials | Date/time received in central Clerk's Office | MQM mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICHOLAS C. JANNOTTA, )
individually and as executor )
of the estate of Victoria A. )
Jannotta, and CARMEIN DAY )
BLASUCCI, individually and )
as executor of the estate of )
Victoria A. Jannotta, )
                                   )
              Plaintiffs, )
                                   )
    v. )      No. 94 C 3834
                                   )
SUBWAY SANDWICH SHOPS, INC., )
FREDERICK A. DeLUCA, PETER H. )
BUCK, and DOCTOR'S ASSOCIATES, )
INC., )
                                   )
              Defendants. )

## MEMORANDUM OPINION AND ORDER

The complaint in this case (the "Jannotta case") involved breach of contract and fraud by a corporate franchiser and its principals related to the leasing of property for a Subway Sandwich franchise. See generally Jannotta v. Subway Sandwich Shops, Inc., 125 F.3d 503 (7th Cir. 1997). Initially, a jury awarded plaintiffs $328,993.99 in compensatory damages and $10,000,000 in punitive damages, and the court awarded plaintiffs $196,325.88 in attorney fees based on a provision in the lease. On appeal, the punitive damages award was vacated, but the judgment was otherwise affirmed. See id. Following a second

293

trial, plaintiffs obtained a punitive damages award of $100,000. Plaintiffs were awarded an additional $132,795.72 in attorney fees for the second trial, but were denied any fees for defending the first appeal. Both sides appealed the fee issues and the Seventh Circuit affirmed. See Jannotta v. Subway Sandwich Shops, Inc., 225 F.3d 815 (7th Cir. 2000) ("Jannotta II"). Additionally, the Seventh Circuit awarded plaintiffs $26,089.05 in attorney fees related to the second appeal. See id. at 819-20.

David Duree ("Duree") was plaintiffs' primary attorney throughout most of the present litigation. At the time the litigation began, Duree was a partner in Reinert & Duree. During the pendency of the litigation, Reinert & Duree split with the named partners respectively joining Reinert & Rourke, P.C. and David M. Duree & Associates, P.C. ("Duree Associates"). Also, Duree has represented a number of clients in litigation involving defendants and related Subway entities. In one of those actions, defendant Doctors Associates, Inc. obtained a judgment against Duree personally in the amount of $408,445.25 in sanctions. See Subway Restaurants, Inc. v. Kessler, 266 Kan. 433, 970 P.2d 526 (1998), cert. denied, 526 U.S. 1112 (1999).

The Jannotta II opinion was issued on August 29, 2000. The Jannotta II mandate was issued on September 20, 2000 and entered on the district court docket on September 22, 2000. On

September 14, 2000, before issuance of the mandate, plaintiffs filed a motion to enter judgment against Travelers Casualty & Surety Company of America, the surety for defendants' appellate bond. The motion was noticed for and presented on September 20, 2000. The motion was denied without prejudice. On September 22, 2000, plaintiffs filed a renewed motion which they presented on September 27, 2000. On September 25, 2000, plaintiffs filed their motion for an award of attorney fees incurred subsequent to the issuance of Jannotta II, that is, for fees incurred in an attempt to collect the fee awards that are the subject of Jannotta II. Meanwhile, on September 19, 2000, the Jannotta defendants had filed an interpleader action naming the Jannotta plaintiffs, Duree, Duree Associates, and Reinert & Rourke as claimants. See Doctors Associates, Inc. v. David M. Duree & Associates, P.C., No. 00 C 5779 (N.D. Ill.) (the "Interpleader Action"). Defendants deposited the amounts of the two fee awards, plus accumulated interest, with the registry of the court. Defendants alleged that a dispute existed regarding the amounts of the fee awards that should go directly to the attorneys as well as the proportionate shares that should be split between Reinert & Rourke and Duree and his present firm. The Interpleader Action also contains claims against Duree for fraudulent transfer, seeking a setoff against Duree for any amounts due him out of the interpleader funds. It also contains

claims against Reinert & Rourke and Duree Associates for alter ego and professional corporation liability of the sanction judgment against Duree.

On September 27, 2000, this court heard the motions pending in the Jannotta case, including plaintiffs' motion for a finding of relatedness.[1] The motion for relatedness was denied since the Interpleader Action was not a refiling of the Jannotta case and the criteria for relatedness was not satisfied in that the Jannotta case was a closed case. See N.D. Ill. Loc. R. 40.4(b)(1). The renewed motion for judgment against Travelers was denied without prejudice, the funds having already been deposited with the court. A briefing schedule was set on plaintiffs' motion for attorney fees. Plaintiffs subsequently amended their fee motion to include additional attorney hours. The fee motions are fully briefed and ready for ruling.[2]

After briefing was completed as to the fee motions, Judge Guzman ruled on the motions to dismiss filed in the Interpleader Action.[3] It was found that a dispute existed regarding

---

[1] The relatedness motion was docketed in the Interpleader Action although it should have been filed in the lower-numbered Jannotta case. See N.D. Ill. Loc. R. 40.4(c).

[2] The court delayed ruling on the fee motions because of the possibility that resolution of the other litigation would result in the parties also resolving the fee motions. Since that has not yet occurred, the fee motions will now be ruled upon.

[3] The Interpleader Action ruling is dated Friday, October 20 and was mailed to the parties on Monday, October 23, the same date that plaintiffs filed their amended fee motion in

distribution of the interpleaded funds and that jurisdiction existed over the Interpleader Action. See <u>Doctors Associates, Inc. v. David M. Duree & Associates, P.C.</u>, No. 00 C 5779 (N.D. Ill. Oct. 20, 2000) (Docket Entry 22). In the Interpleader Action, the <u>Jannotta</u> plaintiffs initially were restrained from taking any action to collect the <u>Jannotta</u> fee awards. The temporary restraining order was subsequently converted to a preliminary injunction.[4] Currently pending in the Interpleader Action is the <u>Jannotta</u> plaintiffs' motion for summary judgment and for a payout of the interpleaded funds.

The initial work for which plaintiffs seek fees is for reading the <u>Jannotta II</u> opinion, communications with defendants' counsel regarding the possibility of defendants petitioning for <u>certiorari</u>, and drafting the initial motion against the surety. All this was done before the <u>Jannottt II</u> mandate issued. The remainder of the work concerns the interpleader action or seeking to collect the fees after interpleader funds had been deposited.

---

the <u>Jannotta</u> case. No party has filed any brief that takes into account the Interpleader Action ruling on the motions to dismiss.

[4]The preliminary injunction was appealed, but the appeal was dismissed for lack of jurisdiction. The preliminary injunction restrains the <u>Jannotta</u> plaintiffs from "further prosecuting garnishment proceedings or instituting any additional action affecting the contested monies." Interpleader Action Minute Orders dated Oct. 20, 2000 and Oct. 25, 2000 (Docket Entries 23 & 29). This would not prohibit the parties from establishing the amount of a related fee award in the <u>Jannotta</u> case.

As to the work related to the Interpleader Action, any award of such fees is more appropriately decided in the Interpleader Action, an action for which the court has found jurisdiction. This court declines to award such fees in the present action and expresses no opinion regarding the merits of any attorney fee motion that may be filed in the Interpleader Action. As to the initial work performed before the interpleader was filed, it is found that such work was prematurely performed since it was performed (and a motion filed) before the mandate had issued in the Seventh Circuit. Also, the work related to the Travelers motion and that motion was unsuccessful, having been denied initially and when renewed. No fees will be awarded based on the attorney fee motions that have been filed.

IT IS THEREFORE ORDERED that plaintiffs' motion for attorney fees [287] and amended motion for attorney fees [292] are denied without prejudice to seeking any fees in the "Interpleader Action" (No. 00 C 5779).

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 30, 2001